Filed 12/23/21  Edalat v. Blaine CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| PAUL EDALAT,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT C. BLAINE,<br><br>Defendant and Appellant. | B306207<br><br>(Los Angeles County<br>Super. Ct. No. 19STRO04297) |

APPEAL from an order of the Superior Court of Los Angeles County, Lawrence P. Riff, Judge.  Affirmed.

Greer & Associates, C. Keith Greer, and C. Tyler Greer for Defendant and Appellant.

Prospera Law, Albert T. Liou, and Shane W. Tseng for Plaintiff and Respondent.

# INTRODUCTION

"A cause of action against a person arising from any act of that person in furtherance of the person's right of . . . free speech . . . in connection with a public issue shall be subject to a special motion to strike [commonly known as an anti-SLAPP motion[1]], unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (Code Civ. Proc., § 425.16, subd. (b)(1).[2]) A party bringing such a motion must demonstrate that the challenged claim arises from activity protected by the statute. If the party succeeds, the court will strike the claim unless the plaintiff demonstrates the claim is legally sufficient and factually substantiated. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 396 (*Baral*).)

Based on five acts of harassment allegedly orchestrated by appellant Dr. Robert C. Blaine, respondent Paul Edalat asked the trial court to issue a civil harassment restraining order against Blaine. In response, Blaine filed an anti-SLAPP motion, which the court granted as to four of the alleged acts of harassment. The court denied the motion as to the fifth act -- an incident in which two men approached Edalat in a restaurant, demanding he "drop" a lawsuit -- finding that Blaine had failed to demonstrate the act

---

[1] "The acronym 'SLAPP' stands for 'strategic lawsuit against public participation.'" (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 473, fn. 1.)

[2] Undesignated statutory references are to the Code of Civil Procedure.

constituted a protected activity. Because Blaine had failed to meet his initial burden, the court did not address whether Edalat had sufficiently demonstrated his entitlement to a restraining order based on the restaurant incident.

Blaine appeals the trial court's partial denial, arguing that because the court found four of the five acts of harassment were protected activity, it erred in failing to determine the merits of the entire cause of action for a restraining order. Blaine further argues that Edalat failed to demonstrate the sufficiency of the restaurant claim. Edalat disagrees, contending that the court correctly declined to reach the merits of the restaurant incident claim because Blaine did not meet his initial burden of demonstrating it was based on protected conduct.

We conclude that under our Supreme Court's reasoning in *Baral*, the trial court correctly declined to consider the merits of the restaurant incident claim because Blaine failed to make a sufficient showing that the claim arose from protected activity. We therefore affirm the court's order denying in part Blaine's anti-SLAPP motion.

### STATEMENT OF RELEVANT FACTS

In June 2019, Edalat filed a request for a civil harassment restraining order against Blaine. Edalat explained that soon after he met Blaine in October 2017, they entered into an agreement by which Edalat's company (Vivera Pharmaceuticals) would acquire Blaine's company (Blaine Laboratories). Edalat claimed the relationship

3

between them soured after he accused Blaine of misrepresenting several material items relevant to Vivera's acquisition. Vivera sued Blaine and Blaine Laboratories in both a civil action (the "Action") and a separate forcible detainer action. Edalat claimed that following the filing of Vivera's lawsuits, he had been subject to "an ongoing pattern of conduct and series of events" intended to convince him to "forego pursuit of Vivera's rights in the Action." Vivera gave five examples of harassment, only one of which is at issue in this appeal:

In May 2019, Edalat was dining with two of his associates at a restaurant when two large men "aggressively approached the table and demanded" to speak with Edalat outside. When Edalat refused and asked the men to explain themselves, they "hovered over me, invading my personal space, and repeatedly demanded that I drop the lawsuit."[3] Edalat understood the men's behavior "as an attempt to intimidate me through the use of physical violence." After the men left the restaurant, one of Edalat's dining companions followed them out and asked what lawsuit the men were referencing. They responded, "'[T]he lab,'" which Edalat understood to refer to Vivera's lawsuit with Blaine Laboratories. The court set a hearing for Edalat's request for a restraining order, but denied his request for a temporary restraining order, finding his allegations did not

---

[3]    According to a police report concerning the incident, one of Edalat's dining companions claimed the men had told Edalat he needed to "'drop the lawsuit . . . so there won't be a problem.'"

4

"sufficiently show acts of violence, threats of violence, or a course of conduct that seriously alarmed, annoyed, or harassed" him.[4]

Prior to the restraining order hearing, Blaine filed an anti-SLAPP motion asking the court to strike Edalat's request for a restraining order. Blaine argued that the incidents forming the basis of Edalat's request were related to ongoing litigation and concerned a public issue (Edalat's alleged defrauding of multiple individuals), rendering them protected activity under the anti-SLAPP statute. Blaine further argued that Edalat could not demonstrate a reasonable probability of success because the harassment incidents constituted speech protected under the litigation privilege, because Edalat had no evidence tying Blaine to any harassment, and because the restaurant incident did not

---

[4] The other four incidents consisted of: (1) an anonymous letter sent to a "Vivera advisor," which was forwarded to Edalat and "contained direct attacks on my personal and professional character" that "directly mirror the allegations contained in a cross-complaint filed by Blaine in the Action"; (2) a text message sent to a client of Edalat's that was forwarded to him and included similar allegations as those made in the letter sent to the Vivera advisor; (3) a voicemail message received from Blaine by Edalat's cousin and forwarded to Edalat, asking if the cousin had been defrauded by Edalat, referencing Edalat's bankruptcy, and claiming that Edalat was hiding money; and (4) a text message Edalat received from an unrecognized number, accusing him of fraud and threatening to "expose" him as a fraud; the message contained language that "mirrored previous communications" directed towards Edalat by Blaine.

amount to a "course of conduct." Lastly, Blaine argued Edalat had failed to show he would be irreparably harmed absent a restraining order. In a declaration accompanying the motion, Blaine averred that he did not direct anyone to speak with Edalat at the restaurant, and that he was not responsible for any of the anonymous messages described in Edalat's request.

The court granted Blaine's anti-SLAPP motion as to four of the five instances of alleged harassment, but denied it as to the restaurant incident. As to that incident, the court found Blaine had failed to establish the alleged conduct constituted a protected activity. Accordingly, the court declined to reach the second prong of the anti-SLAPP analysis for that incident. Blaine timely appealed.

## DISCUSSION

Blaine contends the trial court erred in declining to grant his anti-SLAPP motion in its entirety. We review the court's decision de novo. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.) Our Supreme Court has summarized the two-step analysis required by the anti-SLAPP statute as follows: "At the first step, the moving defendant bears the burden of identifying all allegations of protected activity, and the claims for relief supported by them. . . . If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached. There, the burden shifts to the plaintiff to demonstrate that each challenged claim based on

6

protected activity is legally sufficient and factually substantiated. . . . If [the plaintiff fails to satisfy this burden], the claim is stricken." (*Baral*, 1 Cal.5th at 396; see also *Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884, 887-888 [first step of anti-SLAPP analysis requires moving party to demonstrate claim arises from protected activity].) Here, the court found that Blaine failed to demonstrate the restaurant incident constituted protected activity.

In his opening brief, Blaine contends he "met his burden under prong one of the anti-SLAPP test" because the court found that four of the five allegations of harassment were protected speech. In response, Edalat charges that Blaine "continues to make no substantive claim or proffer any evidence that the threats of two physically imposing men—who aggressively approached Respondent while he was at lunch—for Respondent to 'drop the lawsuit' [w]as Constitutionally protected petitioning or speech activities." In his reply brief, Blaine contends he is not required to make this showing because "by the trial court finding that some of the allegedly wrongful acts were protected, step one of the anti-SLAPP analysis as to the single cause of action was established."[5] In other words, Blaine argues that because

---

[5] In Blaine's opening brief, he did not contend the court erred in determining that the restaurant incident was not a protected activity. In his reply brief, Blaine states that "[a]lthough the parties dispute whether the [restaurant] incident constituted protected activity . . . it is not necessary for the Court to decide
*(Fn. is continued on the next page.)*

7

Edalat's request for a restraining order was partly based on protected activity, the trial court was obligated to determine whether, as a whole, Edalat's request was legally sufficient and factually substantiated.

Though Blaine's position finds support in *Salma v. Capon* (2008) 161 Cal.App.4th 1275, we find that the reasoning set forth in *Salma* has been superseded by our Supreme Court's analysis in *Baral*.[6] There, the moving party filed an anti-SLAPP motion seeking to strike specific allegations in a complaint. (*Baral, supra,* 1 Cal.5th at 384.) The trial court denied the motion, holding that an anti-SLAPP motion could be directed "only to entire causes

---

these issues in order to make a determination here." Blaine has forfeited any argument that the court erred in determining the restaurant incident did not constitute protected activity, both because he failed to make this argument in his opening brief, and because he failed, even in his reply, to support the argument with any authority or analysis. (*L.A. Taxi Cooperative, Inc. v. The Independent Taxi Owners Assn. of Los Angeles* (2015) 239 Cal.App.4th 918, 926, fn. 7 ["As this argument was first raised in the reply brief, it is forfeited"]; *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 ["we may disregard conclusory arguments that are not supported by pertinent legal authority"].)

[6]     In *Salma*, the court held that when confronted by a cause of action based in part on unprotected activity, but also "in part on protected activity that was not merely incidental to allegations of unprotected conduct," the "cause of action arose from protected activity and should have been stricken unless [the plaintiff] demonstrated a probability of success on the merits." (*Salma, supra,* 161 Cal.App.4th at 1288.)

8

of action as pleaded in the complaint, or to the complaint as a whole, not to isolated allegations within causes of action." (*Baral, supra,* at 384.)

Our Supreme Court reversed, noting that the language of section 425.16 "express[es] the Legislature's desire to require plaintiffs to show a probability of prevailing on 'the claim' arising from protected activity, not another claim that is based on activity that is beyond the scope of the anti-SLAPP statute but that happens to be included in the same count." (*Baral,* 1 Cal.5th at 384, 393, italics omitted.) "The anti-SLAPP procedures are designed to shield a defendant's constitutionally protected *conduct* from the undue burden of frivolous litigation. It follows, then, that courts may rule on plaintiffs' specific claims of protected activity . . . if they are mixed with assertions of unprotected activity." (*Ibid.*)

Addressing the statutory language providing that a "cause of action" could be stricken, *Baral* explained: "When the Legislature declared that a 'cause of action' arising from activity furthering the rights of petition or free speech may be stricken unless the plaintiff establishes a probability of prevailing, it had in mind *allegations of protected activity that are asserted as grounds for relief*. The targeted claim must amount to a 'cause of action' in the sense that it is alleged to justify a remedy. By referring to a 'cause of action against a person arising from *any act* of that person in furtherance of" the protected rights of petition and speech, the Legislature indicated that *particular* alleged acts giving rise to a claim for relief may be the object of an anti-SLAPP

motion. (§ 425.16(b)(1), italics added.) Thus, in cases involving allegations of both protected and unprotected activity, the plaintiff is required to establish a probability of prevailing on any claim for relief based on allegations of protected activity. Unless the plaintiff can do so, the claim and its corresponding allegations must be stricken." (*Baral*, 1 Cal.5th at 395.)

Our Supreme Court concluded that "[w]hen relief is sought based on allegations of both protected and unprotected activity, the unprotected activity is disregarded" at the first step of the anti-SLAPP analysis. (*Baral*, 1 Cal.5th at 396.) "If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached. There, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." (*Ibid.*) The court then determines whether the plaintiff's showing is sufficient, striking the claim if it is not. (*Ibid.*) However, no determination is made as to the merits of claims based on unprotected activity. (See *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1010 [when dealing with "mixed" cause of action, "[s]o long as a 'court determines that relief is sought based on allegations arising from activity protected by the statute, the second step [of the anti-SLAPP analysis] is reached' *with respect to these claims*"], quoting *Baral*, 1 Cal.5th at 396, italics added; *Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism* (2018) 23 Cal.App.5th 28, 49 [when

10

claims based on allegations of protected activity not coextensive with cause of action, court should consider merits of claims arising from protected activity, not entire cause of action].)  In other words, after insufficiently meritorious claims based on protected activity are struck, the remainder of the cause of action proceeds outside the anti-SLAPP framework.  (See *Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism*, *supra*, 23 Cal.App.5th at 52 [directing trial court to strike portion of cause of action based on protected activity]; *Bel Air Internet, LLC v. Morales* (2018) 20 Cal.App.5th 924, 947 [striking only portions of second and third causes of action based on protected conduct].)

We are bound by the pronouncements of our Supreme Court.  (See, e.g., *Davis v. Honeywell Internat. Inc.* (2016) 245 Cal.App.4th 477, 493.)  Accordingly, because Blaine has forfeited any argument that the trial court erred in determining that the restaurant incident did not constitute protected activity, we hold the court correctly declined to consider the merits of the restaurant incident claim.  To the extent Blaine seeks to challenge the legal or factual sufficiency of what remains of Edalat's request for a restraining order after the court's ruling on the anti-SLAPP motion, he is free to do so outside the framework of the anti-SLAPP statute.

**DISPOSITION**

The court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, P. J.

We concur:

WILLHITE, J.

CURREY, J.

12